CONJUGAL PARTNERSHIP OF EULOGIO JIMÉNEZ, ETC., ET AL., Plaintiffs and Appellees, *v.* BANCO POPULAR DE PUERTO RICO, INC., RAMEY AIR FORCE BASE BRANCH, Defendant and Appellant.

No. R-70-334.          Decided September 19, 1972.

*Parra, Del Valle & Frau* for appellant. Appellees did not appear.

PER CURIAM: This is a case of an action for damages to recover indemnification for damages caused to plaintiff's credit and for mental anguish sustained by her. In the complaint it is alleged that the bank, defendant herein, returned to the plaintiff for lack of funds a check for $100 and that because of that noncompliance with the terms of the contract

existing between the plaintiff and the bank, the plaintiff sustained damages which she estimated in $10,000. The trial court sustained the complaint and granted $3,000 for damages and $600 for attorney's fees. We agreed to review.

The evidence presented at the trial establishes that on March 26, 1968, the plaintiff changed in the Cooperativa de Consumo de Isabela a personal check of her own for $100 in cash. The check was dated March 26, 1968, but the plaintiff told the person who changed it not to deposit it until the 28th or 29th. On the 28th of March the plaintiff deposited $100 in her checking account. At the moment she was depositing, at about 11:30 a.m., the cashier suggested to her to pay the monthly payment of $52 that she owed the bank for a personal loan, which the plaintiff did by means of one of her checks drawn against her current account. The cashier also informed the plaintiff that that same morning a deposit of $166.67 had been credited to her checking account. This deposit had been made by the Ramey Base authorities, by virtue of an agreement by which said authorities deposited the salary checks of their civil employees in their respective accounts. The parties stipulated that plaintiff's salary, in effect, had been deposited during the morning of March 28.

The deposit of $166.67 was not credited on the 28th but on the 29th. On the other hand, the check which the plaintiff gave to the Cooperativa was presented for collection on or before the 28th. Since on that day there were not sufficient funds credited to plaintiff's account to cover the two checks which she had issued, the bank did not pay the check of the Cooperativa and notified the plaintiff that it was debiting $5 against her account as charge for returning the check without funds. Nevertheless, said check of $100 was paid by the bank on the 29th, after crediting to plaintiff's account the deposit of her salary.

The following week the plaintiff visited the bank and interviewed the manager for the purpose of having the charge

of the aforementioned $5 eliminated from her account. The manager did not grant the petition and the plaintiff requested him to return her papers and to forget the matter. The plaintiff testified that at that moment the manager, in a manner which she considered rough and disrespectful, told her to go to another bank if it was not suitable for her; to learn to keep her stub books; that he was already tired of returning checks without funds and that he could not waste his time on her.

Despite the fact that the deposit of $166.67 was not credited to the account the 28th but on the 29th of March, the court concluded that on the 28th the account had sufficient funds for the payment of the two checks presented for collection. The court arrived at this conclusion on the ground that the check of $166.67, was deposited the 28th.

We agree with appellant that there was no evidence as to the date on which the $100 check was returned to the Cooperativa. We believe that the evidence does not establish that said check was really returned to the Cooperativa on any date. Tr. Ev. pp. 34–38. The only affirmation in that sense is one made by plaintiff with only a movement of her head (Tr. Ev. p. 35) which, besides being hearsay evidence, is in conflict with the rest of her testimony (Tr. Ev. p. 36).

It was not proved and it results most unlikely that the check was refused by the bank on the 28th, that it was returned by the usual procedure and that it was collected the 29th by the Cooperativa. What can be inferred from the evidence is that even though the bank made the debit of $5 it never returned the check although it identified it as an entry to be returned, but that it retained it one day to another and paid it the 29th when the account already had sufficient funds credited to it.

In the light of the facts it cannot be said that plaintiff's credit with the Cooperativa was impaired. Everything indicates that the Cooperativa never received the returned check.

In addition, the plaintiff had warned the Cooperativa that her account would not have funds until the 28th or 29th of March and that the incident was created because of the action taken by the Cooperativa itself upon depositing the check before the date agreed upon.

As to the claim because of mental anguish, the evidence showed that it was true that the plaintiff had drawn a series of checks without funds against that account. It appears from the bank statements that 18 checks were returned to the plaintiff between October 1966 and August 1968, because of insufficient funds. At the trial the plaintiff admitted that several of her checks had been returned although she said that she did not know the reason why they were returned.

In the light of the foregoing, we conclude that the return of the check not having been proved, plaintiff's credit was not unduly harmed and that the circumstances of the case do not justify the granting of damages for mental anguish.

In view of the foregoing, the judgment rendered by the Superior Court, Aguadilla Part, on October 4, 1970, in this case will be reversed, and the complaint will be dismissed in all its parts.